# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| CARL SEXTON and REDELK IRONHORSE THOMAS, | ) ) ) |
| Plaintiffs, | ) ) ) Case No. 4:18-cv-04101-NKL |
| v. | ) ) |
| LARRY POTTERFIELD and MIDWAY USA ARMS, | ) ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is defendants Larry Potterfield and Midway Arms' motion to dismiss, Doc. 14. For the following reasons, Defendants' motion to dismiss is granted.

**I.  Background**

This is an action for damages arising out of the sale of a bolt for a bolt-action rifle, purchased by plaintiff Redelk Ironhorse Thomas from defendant Midway USA ARMS (properly known as Midway Arms, Inc.) on December 1, 2017. Doc. 4 (Complaint), p. 2, ¶ 4. After purchasing the bolt for $200.98, Mr. Thomas then sold it to Carl Sexton for cash. Doc. 4-1; Doc. 4, p. 2, ¶ 4. In their Complaint, Plaintiffs assert that they are entitled to damages because Midway Arms sent Mr. Thomas the wrong bolt and wrongfully refused to send him the correct bolt or issue a refund. *Id.* at p. 3, ¶¶ 6–11. Plaintiffs also assert that Defendants violated their civil rights, *id.* at p. 4, ¶ 12, and committed various federal crimes, *id.* at pp. 4–5, ¶¶ 17–25.

On September 26, 2018, Defendants filed the pending motion to dismiss. Doc. 14. As Plaintiffs are non-CM/ECF participants, Defendants certified that the motion and suggestions in support were sent via United States mail to Mr. Sexton and Mr. Thomas at their last-known

address—Kodiak Cree Tribal Law Enforcement Office, #321 Highway 3285, Monticello, KY 42633. Doc. 14, p. 3; Doc. 15 (Suggestions in Support), p. 7. Plaintiffs' response was due October 10, 2018. The Court, unaware that the Clerk's Office had received Mr. Thomas' suggestions in opposition to the motion to dismiss, on October 12, 2018, ordered Plaintiffs to show cause on or before November 2, 2018, why Defendants' motion to dismiss should not be granted. Doc. 23 (Show Cause). The Clerk's Office then filed Mr. Thomas's suggestions in opposition to the motion on October 17, 2018.[1] Mr. Thomas asserted that he was not served with Defendants' motion to dismiss, but his suggestions in opposition indicate that he received notice of the motion. Mr. Sexton did not file a response. Defendants filed reply suggestions in support of their motion to dismiss on October 25, 2018.

## II. Discussion

Defendants argue that dismissal is required because the Court lacks subject-matter jurisdiction. The federal courts are courts of limited jurisdiction. *Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir. 2009). "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 [federal question jurisdiction] and 1332 [diversity jurisdiction]." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). As the party invoking the Court's jurisdiction, Plaintiffs must present facts supporting jurisdiction by a preponderance of the evidence. *Schubert v. Auto Owners Inc., Co.*, 649 F.3d 817, 822 (8th Cir. 2011).

---

[1] Mr. Thomas' suggestions were received by the Clerk's Office on October 11, 2018. In any event, the response was untimely. Notably, the return address shown on Mr. Thomas' opposition (245 Harvey Tucker Road, Monticello, KY 42633) differs from the address listed for Plaintiffs on the Court's docket. Doc. 25 (Suggestions in Opposition). Accordingly, on October 24, 2018, the Court ordered Plaintiffs to provide the Court an updated address and contact information on or before November 9, 2018, or risk dismissal of the case without further notice. Doc. 29. As of the date of this Order, the Court has received no response.

### A. Federal Question Jurisdiction

Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The Supreme Court has identified two categories of claims "arising under" federal law. *Gunn v. Minton*, 568 U.S. 251, 257–58 (2013). The first category includes causes of action created by federal law. *Id.* The second, "special and small category" includes cases in which "a federal issue is: (1) necessarily raised [by a state-law claim], (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.*

While Plaintiffs' Complaint includes several vague references to federal sources of law (e.g., Title 28 and 42 of the United States Code, p. 1, ¶1, and "federal internet business laws," p. 4, ¶ 14), Plaintiffs' claims do not raise any substantial, disputed federal issues. *See id.* To the extent Plaintiffs have a claim for fraud, it is clear that it does not arise under federal law, and Plaintiffs cannot confer federal jurisdiction by simply making references to federal statutes. *Doyle v. Mellon Bank, N.A.*, 307 B.R. 462, 465 (E.D. Penn. 2004). Nor does the Complaint adequately assert any plausible Constitutional claim. For example, paragraph 12 of the Complaint alleges that "defendant has intentionally deprived them of their 2nd, 5th, and 14th federal Constitutional rights not to be defrauded, deprived, or subjected to unfair federal internet business practices, or be unlawfully sold false, fraudulent, or dangerous used, damaged firearms re-placement parts, without due process and equal protection of the federal laws." However, these are not rights set forth in those amendments, nor are Defendants state actors. *See Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349 (1974) ("the principle that private action is immune from the restrictions of the Fourteenth Amendment is well established").

Further, to the extent that Plaintiffs seek to establish federal jurisdiction by suing for

alleged federal crimes, they lack standing. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution . . . of another."); *Jones v. Clinton*, 206 F.3d 811, 812 (8th Cir. 2000) (finding a private party has no standing to prosecute a criminal action); *Bass Angler Sportsman Soc'y v. U.S. Steel Corp.*, 324 F. Supp. 412, 415 (S.D. Ala. 1971) (reciting the "firmly established principle that criminal statutes can only be enforced by the proper authorities of the United States Government and a private party has no right to enforce these sanctions").

The Court thus lacks federal question jurisdiction.

### B. Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs" and is between "citizens of different States." From the face of the Complaint it appears that the parties are diverse; Plaintiffs are residents of Kentucky and Defendants are residents of Missouri. However, Plaintiffs claim only $10,000 in damages. Doc. 4, p. 6, ¶ E. Because the amount in controversy does not meet the $75,000 jurisdictional threshold, the Court cannot exercise diversity jurisdiction.

Therefore, the Court lacks subject-matter jurisdiction to address Plaintiffs' Complaint.

## III. Conclusion

For the foregoing reasons, Defendants' motion to dismiss, Doc. 14, is granted. The case is dismissed for lack of subject-matter jurisdiction.

                                          s/ Nanette K. Laughrey
                                          NANETTE K. LAUGHREY
                                          United States District Judge

Dated: November 13, 2018
Jefferson City, Missouri